[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16458
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00138-JEC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL VARGAS-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 8, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Vargas-Ramirez appeals his sentence of 33 months of imprisonment

following his plea of guilty to reentering the United States after being deported.  8

U.S.C. § 1326(a), (b)(2).  Vargas-Ramirez argues that his sentence is unreasonable. We affirm.

Vargas-Ramirez's sentence is reasonable.  Vargas-Ramirez had an extensive criminal history that included six prior convictions for driving under the influence, shoplifting, fleeing to elude a police officer, and various traffic offenses.  And Vargas-Ramirez had been removed three times from the United States when officers discovered him again driving under the influence.  The district court found "[un]acceptable" that Vargas-Ramirez "ke[pt] entering illegally and disobeying our laws and endangering our citizenry" and reasonably determined that a sentence at the low end of the recommended guidelines range of 33 to 41 months of imprisonment was necessary to promote respect for the law, provide just punishment, deter Vargas-Ramirez from future similar conduct, and to protect the public.  18 U.S.C. § 3553(a)(2).  Vargas-Ramirez argues that the district court gave undue deference to the sentencing range that resulted from enhancing his offense level by eight points for being deported after committing a shoplifting offense, see United States Sentencing Guidelines Manual § 2L1.2(b)(1)(c) (Nov. 2011), but the district court took into account the enhancement by imposing a sentence at the low end instead of the high end of the sentencing range.  The district court did not abuse its discretion when it sentenced Vargas-Ramirez to a term of 33 months,

2

which was well below the statutory maximum penalty of 20 years of imprisonment.

We **AFFIRM** Vargas-Ramirez's sentence.